## STORMS ET AL. *v*. STORMS.

[No. 2,493.   Filed November 23, 1898.]

CONTRACTS.—*Consideration.—Conveyance of Real Estate.—Mortgagor and Mortgagee.—Breach of Contract.—Measure of Damages.—* Plaintiff, for the purpose of avoiding the foreclosure of mortgages on her land, conveyed same to the holder of the junior mortgage under written agreement that grantee would use all due effort to sell same at the best possible price and pay to her all money remaining after the satisfaction of the mortgages.   Grantee, without any special effort, sold the land for a sum sufficient only to discharge the mortgages, which was more than $600 below the market value of the land.   *Held*, that the conveyance of the real estate was a sufficient consideration for the promise to use due effort to sell the same, and that grantor could recover of grantee the difference between the price obtainable by reasonable effort, which in the absence of proof to the contrary would be the actual market value of the land and the price at which it was sold.

From the Tippecanoe Circuit Court. *Affirmed.*

*R. P. Davidson*, for appellants.

*Kumler & Gaylord*, for appellee.

BLACK, J.—The appellee, Sarah C. Storms, sued the appellants, Osborne J. Storms, Allen Storms and Nathan E. Storms.   A demurrer to the complaint for want of sufficient facts was overruled, and issues were formed, which were tried by the court.   A special finding was rendered, and the appellants excepted to the conclusions of law therein.   A motion for a new trial having been overruled, the court rendered judgment upon the special finding, in favor of the appellee, for $640.73.   It is said in the brief for the appellants that the facts are stated in the special finding substantially as averred in the complaint. We may therefore first determine whether the court erred in its conclusions of law upon the facts.   It was found, in substance, that the appellee, with her husband, on the 18th day of November, 1882, exe-

cuted to one William Wallace a mortgage on certain land described (in this State), owned by the appellee, to secure the payment of a note executed by the mortgagors to the mortgagee for $1,600, and on the 30th of September, 1889, the appellee and her husband executed to one John Storms a mortgage on said real estate to secure the payment of a note executed by the mortgagors to the mortgagee for $629.34; that on the 31st of July, 1891, said Wallace commenced suit in the court below to foreclose his mortgage; that on the 22nd of September, 1891, while the appellee was still the owner in fee simple and in possession of said real estate, she, with her husband, conveyed it by warranty deed to the appellants, who thereupon executed to the appellee their written agreement, which was set out in the finding, and which, after referring to said conveyance, which was stated to be subject to the mortgages and the taxes on the real estate, and after also stating that the conveyance was made to avoid the foreclosure of said mortgages, proceeded as follows: "Now, in consideration of said conveyance to us as aforesaid, we agree to and with said Sarah C. Storms, that we will use all due efforts to sell said real estate at the best possible price, and upon the best terms possible, and that we will pay to her, without relief from valuation or appraisement laws, any and all moneys which may remain in our hands after the payment of said two several mortgages, together with the interest that may accrue thereon from this date until the day of sale, and after the payment of the taxes now thereon, and which may accrue before the time of sale. Witness," etc. This was signed by the appellants. It was further found that on the 12th of November, 1891, said Wallace recovered judgment on his said note and mortgage against the appellee for $1,841.66, and a de-

cree ordering the sale of said real estate to satisfy the same; that on the 26th of December, 1891, the sheriff, under said decree, sold the real estate to the appellant Allen Storms for $1,945.09, the amount of said judgment and accrued interest and costs, and the sheriff executed to said Allen Storms a certificate of purchase of said real estate; that afterwards on the same day said Allen Storms, for the consideration of $2,720, assigned said certificate to one William J. Inskip, and agreed to deliver to him within ten days a proper warranty deed of said real estate, and in pursuance of this agreement the appellants, and one Susan Storms, who were the heirs and widow of said John Storms, and the wives of the appellants, on the 30th of December, 1891, conveyed by warranty deed said real estate to said Inskip; that on the 28th of December, 1892, the sheriff, pursuant to said certificate of purchase and said assignment thereof, executed his deed for said real estate to said Inskip.    It was further found: that the appellee conveyed the real estate to the appellants with the view of avoiding a foreclosure of said mortgages, and the attending expenses, and solely upon the terms, conditions, and trust set forth in said contract of September 22, 1891; that said real estate on the 22nd day of December, 1891, and during the remainder of said year, was of the reasonable cash value of $3,400, and by due and reasonable efforts on the part of the appellants could have been sold for that sum; that on the 26th of September, 1891, there was owing by the appellee, and due, on account of said Wallace judgment, $1,945.09; on account of the note and mortgage to John Storms, $729.34; and on account of taxes, $39.27; making a total of $2,713.70; that the only effort made by the appellants, or either of them, to sell said real estate, was the placing of

the same for sale in the hands of Throckmorton & Son, who were real estate agents residing and doing business in the county where the land was situated, and also authorizing two persons named, who were attorneys at law, and not engaged in real estate business, and who did nothing in the premises, to assist in the sale; that the appellants on the night of the day on which they received from the appellee said deed and executed said contract of September 22nd 1891, returned to their home, in the state of Illinois, and they did not, nor did either of them, by letter or otherwise, make any personal effort to sell said real estate, nor did they afterward, by correspondence or otherwise, urge said Throckmorton & Son to endeavor to sell said real estate, nor did they correspond with their attorneys; that the only price fixed by the appellants with Throckmorton & Son at which they would sell said real estate was the total of the amounts owing on account of the Wallace and Storms mortgages, and they did not, nor did either of them, make any effort to sell said real estate for a larger sum; that the appellants did not, nor did either of them, use due efforts to sell the real estate as provided in the contract of September 22, 1891; but they permitted it to be sold by the sheriff to the appellant Allen Storms as aforesaid, and thereafter conveyed to said Inskip, for a price $640.73 under its market value; that the appellants have never paid or accounted to the appellee in any way for any money realized from the sale of said real estate, and the only consideration or thing of value which the appellee has received for her said conveyance to the appellants is the release and satisfaction of said two mortgages, and the payment of said taxes. Upon these facts the court stated as its conclusion of law, that the appel-

lee was entitled to recover from the appellants $640.73 and her costs.

It seems to be thought by counsel for the appellants that no consideration is shown for their promise. But in the arrangement for the payment without foreclosure of the mortgage to John Storms, to be effected through this transaction between his heirs, the appellants, and the appellee, the promise of the appellants appears on the face of the writing signed by them to have been made in consideration of the conveyance made by the appellee to the appellants, whereby she relinquished her equity of redemption and her right of possession. Clearly, there was more than the conferring of a mere agency for the sale of the land, with the creation of a naked trust for the simple purpose of enabling the agents to reconvey the land. There was also a promise supported by a consideration, to use all due efforts to sell at the best possible price, and upon the best terms possible.

It is also urged that the contract does not specify, and the court did not find, what acts of the appellants would have constituted due and reasonable effort, or what should have been done by the appellants, or what acts of theirs would have caused the land to sell for its value, and yet the court took the market value of the land as the basis for measuring the damages. But the appellee having shown a promise of the appellants, supported by a sufficient consideration, to use all due efforts to sell the real estate at the best possible price, and having proved the reasonable market value of the land, and that the appellants had suffered and caused it to be sold for a lower price, and had failed to obtain or pay the market value, it then devolved upon the appellants to show that by reasonable efforts on their part made, and best known to themselves, they could not obtain

more than the price at which the land was in fact sold. But it appears that their only effort was to obtain enough to pay the incumbrances. In the absence of a showing of any other price as the best that could be obtained through reasonable efforts proved to have been made by the appellants, the court did not err in assuming the market value found as the price which might have been obtained. Upon this view of the case, nothing additional need be said in relation to the question as to the sufficiency of the evidence. The judgment is affirmed.